### BADGER v. JOHNSTON et al.

(Supreme Court, Appellate Division, Second Department. June 23, 1905.)

1. MORTGAGES—FORECLOSURE—ALLOWANCE OF COSTS—NOTICE.

In a suit to foreclose a mortgage, a notice served on defendant's attorney that plaintiff would apply on a certain day for the relief demanded in the complaint, which was for judgment of foreclosure and sale of the premises and the application of the proceeds of the sale to the payment of expenses and costs and the payment of the amount due on the mortgage, together with such other relief as might be just and equitable, was sufficiently broad, without further notice, to entitle plaintiff to the allowance provided for by Code Civ. Proc. § 3253, authorizing the court, in an action to foreclose a mortgage, to allow any party a sum not exceeding 2½ per cent. on the sum due on the mortgage.

2. SAME—DEFAULT JUDGMENTS—EXTRA ALLOWANCE.

Code Civ. Proc. § 3253, providing that the court in an action to foreclose a mortgage "or in a difficult and extraordinary case (where a defense has been interposed in an action) * * * may award to any

party a further sum as follows: (1) In an action to foreclose a mortgage a sum not exceeding 2½ per centum upon the sum due," permits the 2½ per cent. allowance upon the rendition of judgment in a mortgage foreclosure suit, although no defense has been interposed, and the judgment is taken by default.

Appeal from Kings County Court.

Action by Elizabeth C. Badger against Mattie D. Johnston, impleaded with others. From an order denying a motion to modify a judgment by striking out an additional allowance awarded to plaintiff, defendant named appeals. Affirmed.

The notice of application for relief referred to in the opinion, which was signed by plaintiff's attorney and addressed to defendant's attorney, was as follows:

"Please to take notice that on the annexed affidavit of John M. Rider, duly verified the first day of December, 1904, and on the summons and complaint and proceedings herein, the application for the relief demanded in the complaint in the above action will be made to one of the judges of this honorable court at a term thereof to be held at the county courthouse of Kings county in the borough of Brooklyn, county of Kings and state of New York, on the 12th, day of December, 1904, at the opening of the court on that day, or as soon thereafter as counsel can be heard."

The complaint demand the following relief:

"Wherefore the plaintiff demands judgment that the defendants herein, and all persons claiming under them, or any or either of them, subsequent to the filing of the notice of pendency of this action, be forever barred and foreclosed of all right, claim, lien, and equity of redemption in said mortgaged premises; that the said premises be directed to be sold according to law; that the moneys arising from the sale be applied to the payment of the expenses of the sale and the costs of this action and to the payment of the amount due to the plaintiff on the said bond and mortgage, with interest thereon to the time of such payment, so far as the amount of such moneys properly applicable thereto will pay the same; and that the defendant James J. Degnan be adjudged to pay any deficiency which may remain after applying all of said moneys so applicable thereto; and that the plaintiff have such other or further relief, or both, in the premises, as shall be just and equitable."

Argued before BARTLETT, WOODWARD, RICH, and MILLER, JJ.

Henry D. Merchant, for appellant.

John M. Rider, for respondent.

PER CURIAM. This was a suit to foreclose a mortgage for $6,500. No answer or demurrer was interposed by any of the defendants. The appellant alone appeared. Her attorney was duly served with a notice of application for the relief demanded in the complaint. On the return day of the motion no one appeared but the attorney for the plaintiff, who took the usual order of reference to compute, with $10 costs, and subsequently obtained from the court, as he was entitled to do without further notice, a direction for the entry of final judgment of foreclosure and sale. This judgment awarded to the plaintiff an additional allowance of 2½ per cent. on the sum due, under section 3253 of the Code of Civil Procedure. The appellant complains of this allowance as irregular, claiming that it could not be made after the order of reference to compute, without further notice. We think that the notice of appli-

cation for the relief demanded in the complaint was broad enough to authorize all the steps that were subsequently taken in the action in behalf of the plaintiff.

The point is also made that the court had no jurisdiction to grant an additional allowance where no defense had been interposed. This would be true if the allowance were made on the ground that the case was difficult and extraordinary; but section 3253 has been uniformly construed in this department as permitting an extra allowance of 2½ per cent. upon the rendition of judgment by default in mortgage foreclosure suits, and the language of the section clearly warrants this construction. So far as the propriety of the allowance in this particular case is concerned, we are not willing to interfere with the discretion exercised by the County Court in granting it.

The order appealed from should be affirmed.

Order of the County Court of Kings county affirmed, with $10 costs and disbursements.